## J. B. THEILEN v. FRED R. CHANDLER, et al.

Eastern Section. September 15, 1928.

White and Leonard, of Knoxville, for appellant, H. D. Blanc.
Walter D. DeVault, of Knoxville, for appellee, Alex McMillan Co.

PORTRUM, J.  This contest is over the priority of a deed of trust and a mechanic's lien.  It appears Alex McMillan Company loaned Fred R. Chandler $7,500 on three vacant lots, taking a trust deed on each of the lots to secure one-third of the same, or $2,500, the amount to be expended on the lot, it being understood Chandler was to construct three dwelling houses on the three lots.  At the time of the loan, Chandler was engaged in the construction of the houses, and at that time some mechanics liens had attached. Chandler gave Alex McMillan Company a bond to protect it against the payment of these liens.  After the deeds had been registered, but before the money had been paid over, it being understood the Company would pay over the money as the construction of the

houses advanced, and according to the then value of the property, the appellants fastened a furnisher's or mechanic's lien upon the property. The appellant, Broadway Manufacturing Company, asserts the following liens against the three pieces of property, respectively: $504.04; $490.38; and $494.72. The Lonsdale Plumbing Company asserts a lien for labor in the sum of $212.95.

The contest is over the priority of these liens, it being the insistence of the appellants the McMillan trust deed secured future advancements, the payment of which was optional with the company and, therefore, no lien attached for advancements until the date of the payment of the advancements, and under the facts of this case, the appellants' mechanic's lien had attached prior to the payment of the advancement and for this reason was a superior lien.

This position is tenable if the trust deed in fact secured future advancements which were payable at the option of Alex McMillan Company. This calls for a construction of the deed. The trust deed is absolute upon its face and secures the sum of $2,500 on each of the three pieces of property. The future advancements were made certain. From an inspection of the record by parties dealing with Chandler, it was plain the property was encumbered for the specific sums named.

However, the appellants contend the advancements were payable at the option of the company because of the testimony of Mr. R. L. Foust, a representative of Alex McMillan Company. He testified he would require Chandler to procure a second loan and exhaust the fund from the second fund before drawing on his account with McMillan Company. In other words, before he would pay him any funds he would go look at the property and see if they were justified by the amount of work done there before paying out the funds. At times he would refuse to pay anything because he felt the work done did not justify the advancement of other funds, and towards the end, they had considerable trouble, and Foust made several trips to the property to inspect it and make settlements with Chandler according to its value. There was a small sum of money still to the credit of Chandler on the books of McMillan Company at the completion of the houses and at the time this suit was instituted. He was asked:

"Q. And as I always understood that if the progress of this building and the payment of lien claimed against these particular lots and buildings were not satisfactory to you or your office, then you had no obligation to pay out the amount represented by these notes, is that correct?

"A. Unless we were satisfied that he had a value there to justify advancing the funds as he requested them."

Foust also insisted that Chandler pay the outstanding material-men's claims, and the company required an affidavit from Chandler stating that the claims had been paid. It appears the company was careful to protect its rights and also the rights of materialmen.

We are of the opinion the company was within its rights in making the loan and furnishing the funds as the houses progressed. To hold otherwise would materially hamper contractors and builders. One ought to have the right to loan or borrow upon the faith of a house to be constructed, and one has this right.

In determining the priority of the lien of a party lending money under a trust deed and that of materialmen, it was wholly immaterial whether the party lending the money had advanced the entire amount at the time material was furnished if the obligation to advance the money existed. Kingsport Brick Corporation v. Bostwick, 145 Tenn. 19, 235 S. W., 70.

We are of the opinion it was not optional with Alex McMillan Company to refuse to pay the advancements if the value of the houses did justify further advancements. For when the value of the houses justified additional advancements, the obligation on the company's part to pay existed. The fact that the agent of the company said he required Chandler to exhaust any second loan before receiving an advancement could not in any way affect the obligation of Alex McMillan Company. It was probably necessary, however, for Chandler to exhaust the second loan before the property took on such value as justified an additional advancement from Alex McMillan Company.

We recognize the rule as laid down in the authorities cited by the appellants where the lender had a right to control the application of the advances and with the right to deny any other advance, then the lien did not attach until the amount was advanced. But we are of the opinion these cases are inapplicable here, for the reason the obligation to advance became absolute at the execution and registration of the trust deed, conditioned only upon the time of advancement and the value of the security.

For these reasons, we concur in the conclusion reached by the Chancellor that the obligation was absolute, and the registered lien was superior to the mechanic's lien. There is no question but what all acted in good faith and in ignorance of the other's claims.

The judgment of the lower court is affirmed, at the cost of the appellants.

Snodgrass and Thompson, JJ., concur.