**Harold KEMP et al.**

v.

**E. C. THURMOND III, et al.**

Supreme Court of Tennessee.

March 31, 1975.

William B. Acree, Jr., Union City, for petitioners, Builders Supply, Inc., and K–T Distributors, Inc.

Harold T. Brundige, Martin, for respondent, The Martin Bank.

## OPINION

COOPER, Justice.

This is an action to enforce mechanics' and materialmen's liens upon a house and lot owned by E. C. Thurmond III and wife, Doris Thurmond. The issue now before the Court is which lien has priority—the lien of petitioners, Builders Supply Company, Inc., and K–T Distributors, Inc., who furnished materials used in the construction of the house, or the lien secured by a trust deed held by the respondent, The Martin Bank, Martin, Tennessee.

In January, 1971, E. C. Thurmond applied to The Martin Bank for a construction loan in the amount of $25,000.00 with the funds to be used in the construction of a dwelling on a one acre lot which Thurmond proposed to buy from his brother-in-law.

By May, 1971, Thurmond had acquired the lot and had secured a commitment from the First Federal Savings and Loan Association of Fulton, Kentucky, to The Martin Bank that First Federal would loan $25,000.00 on the Thurmond house, when it

was completed. Thurmond then went to The Martin Bank where the arrangements for the construction loan were "finalized" and a note and trust deed were executed. The total amount to be loaned Thurmond by The Martin Bank was $25,000.00 and the money was to be made available as needed for construction and in relation to the work performed. The construction loan was to be paid from the proceeds of the permanent loan.

The trust deed, which was recorded on May 17, 1971, describes the Thurmond indebtedness to the bank as follows:

"* * * To secure and make certain prompt payment of ($2,500.00) Two Thousand Five hundred and No/100 Dollars borrowed money: Evidenced by a promissory note of even date by the said E. C. Thurmond, III and wife, Doris B. Thurmond payable to the Martin Bank, Martin, Tennessee. Said note to be paid on demand with interest at the rate of 8% per annum.

"2. This deed of trust secures in addition to the original amount of said loan stated hereinbefore, all renewals and extension of said loan and the note evidencing it and such ADDITIONAL SUMS as thereafter may be loaned by the

The Martin Bank, Martin, Tennessee to the first party, or their successors in title, prior to the cancellation of this deed of trust said additional loans in no event to exceed $22,500.00 in addition to the original amount loaned. The additional advances are to be due and payable as provided in the notes evidencing same and bearing interest at the rate of ___ per cent per annum from date until paid, provided such note recites that the sum is to be secured by this trust."

In addition to the initial $2,500.00 loan, The Martin Bank loaned the Thurmonds $7,500.00 on June 18, 1971, $5,000.00 on August 11, 1971, and $10,000.00 on September 2, 1971, for a total of $25,000.00. These monies were used by Thurmond in constructing the house.

Petitioners' liens against the Thurmond property were perfected and relate to and date from the first visible commencement of work on the Thurmond house. T.C.A. § 64-1104. The exact date of commencement of work is not set out in the record. However, it is conceded by all parties that no materials had been delivered to the Thurmond property and no labor had been expended on the Thurmond house at the time the trust deed was executed and recorded and the initial $2,500.00 was loaned the Thurmonds. It is also conceded that work was commenced on the property before the additional loans were made.

In determining whether advances made after the giving of a mortgage shall receive priority over intervening mechanics' liens, courts generally look to whether the mortgagee is under an obligation, pursuant to the terms of his agreement with the mortgagor, to advance the sum or sums called for by the instrument. Many courts, including this Court, "have recognized that where the making of the advances is obligatory upon the mortgagee or beneficiary, the lien of a mortgage or trust deed receives priority over mechanics' liens when the mortgage or deed has been recorded before the mechanic's lien attaches, despite the fact that advances are actually given subsequently to this time." Anno: Mortgage-Mechanic's Lien—Priority, 80 A.L.R. 2d 179, 191; Theilen v. Chandler, 9 Tenn. App. 345 (1928); Kingsport Brick Corp. v. Bostwick, 145 Tenn. 19, 235 S.W. 70 (1921).

"In determining the priority of the lien of a party lending money under a trust deed and that of materialmen, it was wholly immaterial whether the party lending the money had advanced the entire amount at the time material was furnished if the obligation to advance the money existed."

> Theilen v. Chandler
> 9 Tenn.App. 345 (1928)

Petitioners do not take issue with the above statement of applicable law, but insist that the Court of Appeals erred in finding that "it was an obligation on the part of The Martin Bank to make additional loans." The Martin Bank, in turn, insists that this Court is faced with a concurrent finding of fact by the chancellor and the Court of Appeals on the issue, and that the only question is whether there is any material evidence in the record to support the finding that The Martin Bank was under legal obligation to make additional loans up to $25,000.00.

■■ While a finding of an obligation on the part of The Martin Bank to make additional loans to the Thurmonds may be implicit in the chancellor's holding that The Martin Bank's lien under the deed of trust included the advancements up to $25,000.00, the chancellor made no such specific finding. Absent this, we do not feel bound by the "concurrent finding of fact" rule, but have reviewed the record with a view of determining where the preponderance of evidence lies on the issue. On doing so, we find ourselves in agreement with the finding of the Court of Appeals that "The Martin Bank was under a legal obligation to make its advances, pursuant to its agreement with Thurmond to make those advances, so long as the work progressed. * * * Therefore, the lien (of The Martin Bank) is for the full amount of the recited amount to be advanced. The lien thereof relates back to the filing of the Trust Deed and it is superior to the appellant's lien."

The judgment of the Court of Appeals is affirmed. Costs in this Court are adjudged against the petitioners, Builders Supply, Inc., and K–T Distributors, Inc., and their surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.