IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 6, 2002 Session

## DAVID ANTHONY NORMAN v. MELISSA DAWN NORMAN

Extraordinary Appeal from the Chancery Court for Williamson County
No. 27201     Russ Heldman, Judge

No. M2002-01084-COA-R3-CV - Filed March 11, 2003

This extraordinary appeal arises from the trial court's denial of Husband's petition to reduce child support and alimony. The trial court found there was no significant variance of fifteen percent (15%) to modify child support. The trial court also determined that there was no justification for a decrease in alimony payments. The trial court reserved the issues relating to unclean hands and attorney fees. The parties raise multiple issues on appeal. For the following reasons, we vacate in part, reverse in part and remand.

**Tenn. R. App. P. 10; Extraordinary Appeal; Judgment of the Chancery Court Vacated in Part, Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Rose Palermo, Nashville, TN, for Appellant

Maclin P. Davis, Jr., Rachelle Laisnez, Nashville, TN, for Appellee

**OPINION**

**Facts and Procedural History**

On October 26, 2001, the Chancery Court of Williamson County issued a final decree of divorce of the Appellant, David Anthony Norman ("Husband"), and the Appellee, Melissa Dawn Norman ("Wife"). The trial court ordered Husband to pay Wife alimony in the amount of $3,000.00 per month for ten years or until her death or remarriage and child support for the parties' two minor children in the amount of $2,744.00 per month. Husband appealed from the final decree of divorce, and the opinion in that case (No. M2001-02796-COA-R3-CV ) was filed on March 4, 2003. Husband asked the trial court for a stay of the alimony and child support pending appeal. The trial

court denied Husband's request for a stay of the alimony and child support and required Husband to post a $200,000.00 bond to stay other portions of the decree.

On December 21, 2001, Husband sought review of the trial court's denial of a stay of the alimony and child support in this Court under Rule 7. On January 8, 2002, this Court granted a stay of the alimony obligation in the amount of $633.00 per month. We ordered Husband to pay alimony in the amount of $2,377.00 per month during the appeal subject to Husband being required to reimburse Wife for the difference should she prevail on appeal. We also concluded that the trial court erred in calculating Husband's monthly income for child support purposes. This Court found that proper calculation reduced Husband's monthly gross income by $767.00. As a result, we "granted a stay pending appeal of that portion of the child support award attributable to the $767.00 monthly gross income included in the original calculation."

On January 18, 2002, Husband filed a petition in the trial court to reduce his alimony and child support obligation. Wife filed an answer and counter-petition for an increase in child support which raised the defense of unclean hands. Specifically, Wife alleged that Husband had "filed an allegedly false affidavit and was voluntarily underemployed." On March 5, 2002, a hearing was held on Husband's petition. On April 12, 2002, the trial court issued an Interim Order finding that there was no justification to decrease Husband's alimony or child support obligation. The trial court found that Husband's child support obligation pending appeal should be $2,630.00 per month retroactive to January 2002, based on the trial court's error in calculation as found in this Court's January 8, 2002 order. The trial court declined to address the issues of unclean hands and attorney fees at that time and reserved its ruling on those issues until "an appellate court's ruling becomes final and a mandate is issued."

Husband timely filed a notice of appeal from the trial court's April 12, 2002 order. On June 7, 2002, Wife filed a motion to quash the notice of appeal on the grounds that the trial court's April 12, 2002 order was not a final order. Husband sought review in this Court pursuant to Rule 10, or in the alternative, that we waive the finality requirement of Rule 3 with respect to his second appeal in the divorce proceeding, or consider the trial court record and action on the petition as post-judgment facts on his first appeal pursuant to Rule 14. Husband also filed a motion in this Court to consolidate his second appeal with the first appeal pursuant to Rule 16 and that the second appeal be expedited. On June 14, 2002, we granted a Rule 10 appeal and provided that this appeal be expedited. We denied Husband's motion to consolidate.

## Issues

The parties raise the following issues, as we perceive them, for our review:

**Appellant's Issues:**

1.      Whether the trial court erred in denying Husband's petition to reduce child support on the grounds that there was less than a fifteen percent (15%) variance between the current child support and the amount presumed by the Child Support Guidelines.

2.      Whether the trial court erred in reserving the issue of Husband's unclean hands.

3.      Whether the trial court erred in denying Husband's petition to reduce alimony.

4.      Whether Husband should be awarded his attorney fees incurred in this appeal and whether Wife should be denied her fees on appeal.

**Appellee's Issues:**

1.      If the trial court abused its discretion by reserving the issue of Husband's unclean hands, whether the evidence establishes that Husband has unclean hands due to his contempt of court and that his petition to reduce alimony and child support should be dismissed by this Court.

2.      Whether Wife is entitled to attorney fees and legal expenses incurred in the trial court and on this appeal.

## Standard of Review

We review the trial court's conclusions of law "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." Kendrick v. Shoemake, No. E2000-01318-SC-R11-CV, 2002 Tenn. LEXIS 489, at *6 (Tenn. Nov. 1, 2002) (citing S. Constructors, Inc. v. Loudon County Bd. of Educ., 58 S.W.3d 706, 710 (Tenn. 2001). With respect to the trial court's findings of fact, our review is *de novo* upon the trial court's record, accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). When the trial court does not make specific findings of fact, we must conduct a review of the record to determine where the preponderance of the evidence lies. Ganzevoort v. Russell, 949 S.W.2d 293, 296 (Tenn. 1997) (citing Kemp v. Thurmond, 521 S.W.2d 806, 808 (Tenn. 1975)).

## Law and Analysis

### *Petition to Reduce Child Support*

The standard to be applied in considering a petition to modify child support is found in Tennessee Code Annotated section 36-5-101(a)(1). This provision provides in pertinent part:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

TENN. CODE ANN. § 36-5-101(a)(1) (2002). The Child Support Guidelines provide that a significant variance shall be "at least 15% if the current support is one hundred dollars ($100.00) or greater per month and at least fifteen dollars ($15.00) if the current support is less than $100.00 per month." TENN. COMP. R. & REGS. 1240-2-4-.02(3)(2003); see also Norton v. Norton, C.A. No. 02A01-9901-CH-00030, 2000 Tenn. App. LEXIS 13, *8 (Tenn. Ct. App. Jan. 10, 2000).

In the case *sub judice*, Husband argues that the trial court erred in its determination that he was not entitled to a reduction in his child support payments. Husband asserts that a simple mathematical calculation demonstrates that he has proven that there is a fifteen percent (15%) variance between the current guideline amount and the amount ordered in the October 2001 judgment. Husband claims that his base income for 2002, at the time his petition was heard, was $111,236.00 per year or $9,269.66 per month. Husband also claims that he received an annual bonus of $1,112.36 or $92.70 per month. The sum of these two amounts results in a gross monthly income of $9,362.66. Husband asserts that the 2002 guidelines provide that an obligor parent with two children and a gross monthly income $9,350.00 must pay $2,100 in child support. Comparing this figure with the current support ordered of $2,744 results in a difference of $644 or a variance of 23.469%.

In its Interim Order, the trial court found Husband's monthly gross income to be $11,134.72 per month. In reaching this figure, the trial court considered Husband's income from the last fifteen (15) weeks of 2001 and the first eight and one-half (8 ½) weeks of 2002. The trial court found that Husband earned the following amounts in 2001: base salary of $111,236, an annual bonus of $22,329.60 and Paid Time Leave of $2,270.00. In addition, the court found that Husband earned Paid Time Leave during the last fifteen (15) weeks of 2001 in the amount of $3,529.68. Based on these figures, the trial court concluded that Husband's 2001 earned income was $139,365.28, which converted to $2,680.10 per week. The court then multiplied $2,680.10 by fifteen (15) and concluded that Husband earned $40,201.52 during the last fifteen (15) weeks of 2001.

Next, the trial court considered Husband's 2002 income. The court found that in 2002 Husband earned $20,182.93 during the first eight point five (8.5) weeks, which converted to $2,374.46 per week. The court found that Husband earned a salary of $2,139.15 per week or $18,182.78 for a period of eight and one-half (8 ½) weeks. The court then found that Husband had earned $2,000.15 in Paid Time Leave during the first eight and one-half (8 ½) weeks in 2002. The court then totaled $18,182.78 and $2,000.15 for a total of $20,182.93. The court then added $40,201.52 to $20,182.93 and concluded that Husband had earned a total of $60,384.45 during the twenty-three and one-half (23 ½) weeks since the original decree. The court found that this converted to $2,569.55 per week or $11,134.72 per month. The court concluded that there was no fifteen percent (15%) variance because a "gross monthly income of $11,134.72 would result in a child support payment of $2,490."

Husband asserts that the trial court abused its discretion in making its decision as to whether there was a fifteen percent (15%) variance. Specifically, Husband argues that the trial court abused its discretion when it included a portion of his 2001 income in making its determination. We agree.

Based on our review of the record, we believe the evidence showed that there was a fifteen percent (15%) variance. The Tennessee Code states that a modification is justified if there is a significant variance "between the guidelines and the amount of support currently ordered." TENN. CODE ANN. § 36-5-101(a)(1) (2002). The trial court was required to compare the amount of support under the current order with the amount of support that would be ordered under the current guidelines based upon the obligor's current monthly income. This Court has found no authority under which the trial court made its decision. We find the trial court erred by including a portion of Husband's 2001 income in its determination.

We find the following to be the appropriate way to calculate Husband's current monthly income. The evidence at trial demonstrated that Husband's annual salary was $111,236.00. Thus, we find Husband's gross monthly salary for 2002 is $9,269.67. In addition to his base salary, Husband earned an annual bonus of $1,112.36, which converts to $92.70 per month. There was also testimony that showed Husband accumulates four and one-half (4 ½) hours of PTO (Paid Time Off) per week at an hourly rate of $53.48. This means Husband accumulates approximately 234 PTO hours per year or nineteen and one-half (19 ½) hours per month. This PTO time, however, was not "cashed in" by Husband. The evidence showed that in 2002 Husband had not sold back any of this PTO and thus did not receive any amounts in addition to his regular wages. Based on the above calculations, we find Husband's monthly gross income to be $9,362.37. In accordance with the January 14, 2002 Child Support Guidelines, an obligor parent with a gross monthly income of $9,350.00 has a net income of $6,562.11. This would result in Husband having a child support obligation of $2,100.00 per month. Subtracting Husband's current amount under the guidelines from the amount in the current order results in a difference of $644.00 or a variance of greater than fifteen percent (15%). Thus, Husband is entitled to a reduction in his child support obligation, effective January 18, 2002.

*Unclean Hands*

In his second issue, Husband argues that the trial court erred in reserving its ruling on the issue of unclean hands. Specifically, Husband argues that the trial court was attempting to deny Husband "his right of appellate review of the trial court's denial of his petition to reduce, by 'reserving' another grounds to deny him relief, in case the trial court's original denial was reversed on appeal." Husband further argues that "[t]he only reason not to rule was for the trial court to have an 'ace in the hole' to sustain his action, if this Court of Appeals should overturn his decision."

Despite Husband's assertions that the trial court erred, we find that a simple reservation of the issue does not amount to an abuse of discretion. Therefore, we remand to the trial court for a decision on the issue of unclean hands. Our disposition of this issue renders moot any discussion of Appellee's first issue.

*Petition to Reduce Alimony*

It is well established that a court may not increase or decrease an alimony award unless there has been "a showing of a substantial and material change of circumstances." TENN. CODE ANN. § 36-5-101(a)(1) (2002); see also Bogan v. Bogan, 60 S.W.3d 721, 727-28 (Tenn. 2001). Spousal support decisions depend on the facts and circumstances of each case, "therefore the appellate courts give wide latitude to the trial court's discretion." Milam v. Milam, No. M2001-00498-COA-R3-CV, 2002 Tenn. App. LEXIS 284, *9-10 (Tenn. Ct. App. Apr. 23, 2002) (citing Sannella v. Sannella, 993 S.W.2d 73 (Tenn. Ct. App. 1999)).

"The factors set forth in T.C.A. § 36-5-101(d), applicable to the initial grant of spousal support and maintenance, where relevant, must be taken into consideration in determining whether there has been a change in circumstances to warrant a modification of the alimony obligation." Watters v. Watters, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999) (citing Threadgill v. Threadgill, 740 S.W.2d 419, 422-23 (Tenn. Ct. App. 1987)). The two most important factors to be considered in modifying an award of alimony are "the financial ability of the obligor to provide for the support and the financial need of the party receiving the support." Bogan, 60 S.W.3d at 730 (citations omitted). When courts are presented with the decision to set an initial award of alimony, the single most important factor to consider is the need of the recipient spouse. See id. When presented with the issue of modification, however, our supreme court has recognized that "the need of the receiving spouse remains an important consideration . . . [but], the ability of the obligor to provide support must be given at least equal consideration." Id.

In the present case, Husband argues that the proof at trial demonstrated that there existed a substantial and material change in circumstances, in that Husband's gross income in 2002 was twenty-five point three percent (25.3%) less than his gross income in 2001. Husband also argues that his expenses have greatly increased and that his expenses are more than $3,000.00 greater than his income.

In its Interim Order, the trial court found that there was no justification to decrease Husband's alimony. The court stated that "[i]f Mr. Norman's monthly child support and alimony totaling $5,007 are deducted from his gross monthly income of $11,134.72, Mr. Norman still has $6,127.72 more for himself than the total support for Mrs. Norman and her two children."

The Interim Order is void of any indication that the trial court applied the substantial and material circumstances test or considered any of the relevant factors enumerated in Tennessee Code Annotated section 36-5-101(d)(1). Thus, we vacate the trial court's decision and remand for a determination of whether there has been a substantial and material change of circumstances in light of the reduction in Husband's 2002 gross monthly income. See White v. White, No. M2000-02674-COA-R3-CV, 2001 Tenn. App. LEXIS 878, *15-16 (Tenn. Ct. App. Nov. 30, 2001). As previously stated in this opinion, we find Husband's 2002 gross monthly to be $9,362.37, not $11,134.72 as the trial court found. Then, the trial court is instructed to decide whether a decrease in alimony is warranted based on consideration of the factors enumerated at Tennessee Code Annotated section 36-5-101(d)(1), giving equal weight to Husband's ability to pay and the need of Wife.

### *Attorney fees*

In her second issue, Wife asserts that she should be awarded attorney fees and legal expenses incurred in the trial court. As this issue was reserved by the trial court, we will not address it. The issue of whether an award of attorney fees to Wife is proper is remanded to the trial court.

As a final matter, both Husband and Wife have requested that this Court order the respective opposing party to pay the other's attorney's fees incurred for this appeal. Our supreme court has defined the factors that should be applied when considering a request for attorney's fees incurred on appeal. These factors include the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered. See Folk v. Folk, 357 S.W.2d 828, 829 (Tenn. 1962). Accordingly, because we have remanded to the trial court for further consideration of questions presented, we find it equitable to decline to award either party the attorney's fees incurred for this appeal.

**Conclusion**

Based on the foregoing conclusions, we hereby vacate in part and reverse in part the decision of the trial court and remand this cause for further proceedings consistent with this opinion. Costs on appeal are assessed equally against the Appellant, David Norman, and his surety, as well as Appellee, Melissa Norman, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE