IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS SEPTEMBER 14, 2005

## JOHN PAUL SUTPHIN v. SALLY ANN OSBORNE SUTPHIN

Direct Appeal from the Chancery Court for Tipton County
No. 17,731     Dewey C. Whitenton, Chancellor

No. W2004-02917-COA-R3-CV - January 10, 2006

In this appeal, we are asked to determine whether the chancery court erred when it modified the original custody order between the parties. Appellant contends that there are no material changes of circumstances to warrant modification of the original custody order. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

J. Barney Witherington, IV, Covington, TN, for Appellant

Julie D. Byrd, Memphis, TN, for Appellee

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

In May of 2000, John Paul Sutphin ("Father" or "Appellee") and Sally Ann Osborne Sutphin ("Mother" or "Appellant" or collectively with Father, the "Parties") divorced. The Parties had two daughters of the marriage whose custody was at issue during the divorce. The divorce decree designated Mother the primary custodian, awarded Father standard visitation with the children, and ordered Father to pay child support.

On March 7, 2003, Father filed a petition to modify custody and parenting time. In his petition, Father identified four changes in circumstance that he asserts are material to warrant a change of custody. Specifically, Father asserted that (1) the oldest daughter's obesity; (2) Mother's multiple paramours that stay overnight at Mother's residence; (3) Children's poor academic performance; and (4) Mother's physical abuse of children constituted material changes of circumstances to warrant a modification of the original custody order.

At the hearings on the petition, Father submitted evidence to prove each of these alleged changes, including oral testimony, the children's report cards, and various police reports for domestic violence at Mother's home. Father also submitted photos of bruises and cut marks on the children allegedly caused by Mother's abuse. Psychological reports of Father, Mother, and both children were submitted. After the conclusion of the hearing, the chancery court entered an order on Father's petition to modify custody and parenting time. In its order, the chancery court made limited findings of fact and found that a material change of circumstances had occurred and that it was in the best interest of the children to modify the custody order. The chancery court modified the original court order, designating Father as the primary custodian and awarding Mother standard visitation with the children. The modified custody order also required Mother to pay child support.

## II. ISSUES PRESENTED

Appellant has timely filed a notice of appeal and presents the following issue for review:
1.      Whether the chancery court erred when it modified the original custody order.

For, the following reasons, we affirm the decision of the chancery court.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee governs the issuance of Memorandum Opinions, which states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

### III. STANDARD OF REVIEW

This Court reviews conclusions of law under a de novo standard of review with no presumption of correctness. ***Johnson v. Johnson***, 37 S.W.3d 892, 894 (Tenn. 2001) (citing *Nutt v. Champion Int'l. Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998)). "Furthermore, our review of the trial court's findings of fact is de novo upon the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise." ***Kendrick v. Shoemake***, 90 S.W.3d 566, 570 (Tenn. 2002) (citing Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Nichols v. Nichols*, 792 S.W.2d 713, 716 (Tenn. 1990)). "When the trial judge has failed to make specific findings of fact, . . . [appellate courts shall] review the record to determine the preponderance of the evidence." ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997) (citing *Kemp v. Thurmond*, 521 S.W.2d 806, 808 (Tenn. 1975)).

### IV. DISCUSSION

On appeal, Appellant asserts that the chancery court erred when it modified the original custody order because there was no material change of circumstances to warrant modification. Section 36-6-101(a)(2)(B) of the Tennessee Code states,

> [i]f the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child.

Tenn. Code Ann. § 36-6-101(a)(2)(B) (2005). "[T]he 'threshold issue' is whether a material change in circumstances has occurred after the initial custody determination." ***Kendrick***, 90 S.W.3d at 570 (citing *Blair v. Badenhope*, 77 S.W.3d 137, 150 (Tenn. 2002)). No "hard and fast" rules exist to determine whether there has been a material change of circumstance. ***Id.*** However, certain factors have been used as a bases for determining a material change in circumstances: "the change 'has occurred after the entry of the order sought to be modified,' the change 'is not one that was known or reasonably anticipated when the order was entered,' and the change 'is one that affects the child's well-being in a meaningful way.'" ***Id.*** "The burden is on the non-custodial parent to establish the material change in circumstances." ***Hepler v. Hepler***, No. M2004-00530-COA-R3-CV, 2005 Tenn. App. LEXIS 669, at *9 (Tenn. Ct. App. July 13, 2005) (citing *Bridges v. Bridges*, 63 S.W.3d 346, 348 (Tenn. Ct. App. 2001)).

In its order on Appellee's petition to modify custody and parenting time, the court found that Appellant's and Appellee's animosity toward one another and that Appellant's sexual behavior[2] mandated a modification of the custody order that was in the best interests of the children.[3] We address each change in turn.

First, the chancery court's order found that the strained relationship between Appellant and Appellee constituted a material change of circumstances. While the Parties cannot get along with one another, this strained relationship cannot constitute a material change of circumstances.

Second, the chancery court's order found that Appellant's sexual behavior constituted a material change of circumstances. "'[T]he sexual behavior of the mother is not a ground for change of custody absent a showing that the behavior had an adverse impact on the child's welfare.'" *Williams v. Williams*, No. E2000-03005-COA-R3-CV, 2001 Tenn. App. LEXIS 331, at *15 (Tenn. Ct. App. May 8, 2001) (quoting *Musselman v. Acuff*, 826 S.W.2d 920, 923 (Tenn. Ct. App. 1991)). In this case, the chancery court found that the oldest daughter had been adversely effected by the mother's sexual behavior. We conclude that the proof adduced at trial does not preponderate against the chancery court's finding that Appellant's behavior constituted a material change of circumstances.

However, finding a material change of circumstance is only the first step in determining whether to modify a custody order. In order to modify a custody order, we must also find that the modification was in the best interests of the child. "This determination should be made according to the factors enumerated in Tennessee Code Annotated section 36-6-106." *Kendrick*, 90 S.W.3d at 570. Pursuant to section 36-6-106, the factors we must consider when determining the best interests of a child are:

> (1) The love, affection and emotional ties existing between the parents and child;
>
> (2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;
>
> (3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment;

---

[2] In its order, the chancery court stated that "[t]he eldest child clearly knows too much in the ways of the world and adult situations; this has effected [sic] the eldest child and her relationship with the defendant." We interpret this finding of fact to mean that Mother's behavior with her paramours since the original custody order has adversely impacted the oldest daughter.

[3] This Court does note that Appellee has listed other changes in circumstances that he alleges were material to warrant a modification of the custody order. However, given that the chancery court made factual findings as to what changes it found material, we must review the custody order under those changes addressed in the order.

provided, that where there is a finding, under § 36-6-106(a)(8), of child abuse, as defined in §§ 39-15-401 or 39-15-402, or child sexual abuse, as defined in § 37-1-602, by one (1) parent, and that a non-perpetrating parent has relocated in order to flee the perpetrating parent, that such relocation shall not weigh against an award of custody;

   (4)  The stability of the family unit of the parents;

   (5)  The mental and physical health of the parents;

   (6)  The home, school and community record of the child;

   (7) (A)  The reasonable preference of the child if twelve (12) years of age or older;

    (B)  The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

   (8)  Evidence of physical or emotional abuse to the child, to the other parent or to any other person; provided, that where there are allegations that one (1) parent has committed child abuse, as defined in §§ 39-15-401 or 39-15-402, or child sexual abuse, as defined in § 37-1-602, against a family member, the court shall consider all evidence relevant to the physical and emotional safety of the child, and determine, by a clear preponderance of the evidence, whether such abuse has occurred. The court shall include in its decision a written finding of all evidence, and all findings of facts connected thereto. In addition, the court shall, where appropriate, refer any issues of abuse to the juvenile court for further proceedings;

   (9)  The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and

   (10)  Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

Tenn. Code Ann. § 36-6-106(a)(1)-(10) (2005).

From a review of the evidence, we cannot say that the evidence introduced at trial preponderates against the chancery court's finding that it was in the best interests of the children to modify the custody agreement. According to the psychological evaluation of Appellant by Earle Donelson, Ph.D. ("Dr. Donelson"), Appellant has symptoms consistent with an "affective disorder" and seems to be "emotionally labile" and "emotionally reactant." In contrast, Dr. Donelson found that Appellee had normal, healthy attitudes toward parenting and did not seem to suffer from any mental health issues that would "prevent him from being a loving and appropriate parent to his children." Further, issues of domestic violence in Appellant's home have been reported. Also, Appellant's sexual behavior has had an adverse impact on the oldest daughter. In contrast, nothing in the record indicates that Appellee's new wife does not have a stable, loving relationship with the children. Also, while the chancery court did not make written findings of physical abuse of the children by Appellant as required by section 36-6-106(a)(8) of the Tennessee Code, several instances of abuse are uncontradicted in the record, namely Appellant slapping the oldest daughter, Appellant biting the oldest daughter, and Appellant digging her fingernails in the children. Accordingly, we affirm the decision of the chancery court to modify the original custody order.

## V.  Conclusion

For the foregoing reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellant, Sally Ann Osborne Sutphin, and her surety, for which execution may issue if necessary.

 

_____
ALAN E. HIGHERS, JUDGE