# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### AUGUST 4, 2010 Session

## DAVID LIVINGSTON v. STATE OF TENNESSEE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 08-2343-IV     Russell T. Perkins, Chancellor**

---

**No. M2009-01900-COA-R3-CV - Filed October 6, 2010**

---

Appellant was convicted of "sexual misconduct" in New York in 1988, and was compelled to register as a sex offender in Tennessee in 2008. Upon his registration, the TBI classified Appellant as a violent sexual offender, determining that his New York conviction was analogous to rape, a violent sexual offense. Appellant contacted the TBI seeking removal from the registry, but his request was denied. He then filed an administrative appeal in the chancery court, but his classification as a violent sexual offender was upheld. We find that the elements of "sexual misconduct" under N.Y. Penal Law § 130.20 are analogous to the elements of rape as codified in Tennessee Code Annotated section 39-13-503, and therefore, that Appellant was properly classified as a violent sexual offender within the meaning of Tennessee Code Annotated section 40-39-202(28). The judgment of the chancery court is affirmed.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Rob McKinney, Nashville, Tennessee, for the appellant, David Livingston

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Benjamin A. Whitehouse, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennssee

## OPINION

## I. Facts & Procedural History

In 1988, David Livingston ("Appellant") was convicted of "sexual misconduct" in violation of New York Penal Law § 130.20, which at the time provided:

A person is guilty of sexual misconduct when:
1. Being a male, he engages in sexual intercourse with a female without her consent; or
2. He engages in deviant sexual intercourse with another person without the latter's consent; or
3. He engages in sexual conduct with an animal or a dead human body.

**N.Y. Penal Law § 130.20**.

Appellant moved to Tennessee in 1990, and in June 2008, the Metropolitan Nashville Police Department compelled Appellant to register as a sexual offender pursuant to the "Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004" (the "Act"), Tennessee Code Annotated §§ 40-39-201, et seq. Upon registration, the Tennessee Bureau of Investigation ("TBI") classified Appellant as a violent sexual offender, "determin[ing] that [Appellant] was convicted in New York of an offense, that if committed in Tennessee, would be classified as a violent sexual offense as defined by Tenn. Code Ann. §§ 40-39-202(2), 40-39-202(28)." Appellant contacted the TBI seeking removal from the registry, but his request was denied. Appellant then filed an administrative appeal of the TBI's decision in the Davidson County Chancery Court, again seeking removal from the registry. The chancery court found no error in the TBI's classification of Appellant as a violent sexual offender. Appellant appeals.

## II. Issues Presented

Appellant presents the following issues for review, summarized as follows:

1. Whether the TBI lacked jurisdiction to place Appellant on the sexual offender registry;
2. Whether the TBI erred in not removing Appellant from the registry; and
3. Whether Appellant's registration is prohibited by the Tennessee Constitution.

For the following reasons, we affirm the decision of the chancery court.

## III. STANDARD OF REVIEW

On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. **Tenn. R. App. P. 13(d) (2009)**; *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson,* 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.,* 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. RR Westminster Holding, Inc.,* 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). When the trial court makes no specific findings of fact, we review the record to determine where the preponderance of the evidence lies. *Ganzevoort v. Russell,* 949 S.W.2d 293, 296 (Tenn. 1997) (citing *Kemp v. Thurmond,* 521 S.W.2d 806, 808 (Tenn. 1975)). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.,* 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION
### A. Sexual Offender Registry

In 1994, Tennessee first established a sexual offender registry with the enactment of Tennessee Code Annotated sections 40-39-101, et seq., the "Sexual Offender Registration and Monitoring Act." The "Tennessee Sexual Offender and Violent Sexual Offender, Registration, Verification, and Tracking Act of 2004" (the "Act"), codified at Tennessee Code Annotated sections 40-39-201, et seq., repealed and replaced the 1994 Act. *State v. Gibson*, No. E2003-02102-CCA-R3-CD, 2004 WL 2827000, at *2, n.3 (Tenn. Crim. App. Dec. 9, 2004) *perm. app. denied* (Tenn. Mar. 21, 2005).

The Act "requires persons convicted of a sexual offense or a violent sexual offense to provide to law enforcement officials certain regularly updated information, including the offender's residence, employment, electronic mail or other internet identification, and other personal information." *Ward v. State*, --- S.W.3d ----, 2010 WL 2695286, at *4 (Tenn. July 7, 2010) (citing Tenn. Code Ann. § 40-39-203). It also limits offenders' access to schools and day care facilities, among other restrictions. *Id.* (citing Tenn. Code Ann. § 40-39-211). Sexual offenders may petition the TBI for removal from the registry ten years from release from incarceration or release from an alternative to incarceration. However, *violent* sexual offenders are required to register for life. **Tenn. Code Ann. § 40-39-207(g)(1)(B)**.

"The act's language evinces a clear intent that the registration requirements be applied retroactively to any sexual offender." *Id.* (citing Tenn. Code Ann. §§ 40-39-202(20), (27) & (28); 40-39-203(a)(2) & (j)(1) & (2)). Moreover, the Act applies not only to convictions in Tennessee, but also to offenses "committed in another jurisdiction that would be classified as a sexual offense or a violent sexual offense, if committed in this state[.]" **Tenn. Code Ann. § 40-39-202(2)**.

On appeal, Appellant first argues that the TBI lacked jurisdiction to place him on either the sexual offender registry or the violent sexual offender registry. Appellant contends that the elements of N.Y. Penal Law § 130.20, of which Appellant was convicted, do not qualify as either a sexual offense or a violent sexual offense in Tennessee.

Tennessee Code Annotated section 40-39-202(20) includes a lengthy list of crimes which qualify as "sexual offense[s]." Additionally, Tennessee Code Annotated section 40-39-202(28) includes a lengthy list of crimes which qualify as "violent sexual offense[s]" including rape. "Sexual misconduct" is not included as either a "sexual offense" or a "violent sexual offense" in Tennessee.

The TBI classified Appellant as a violent sexual offender after determining that the New York offense, if committed in Tennessee, would have been classified as rape, a violent sexual offense. Specifically, the TBI found that "the elements of N.Y. Penal Law § 130.20(1) & (2) are analogous with the elements of Rape as codified in Tenn. Code Ann. § 39-13-503."

When an offense committed in another jurisdiction is not identified as a sexual offense in this state, we must look to the elements of the offense to determine its classification in Tennessee. *See* **Tenn. Code Ann. § 40-39-207(g)(2)** (using an "elements" test to determine whether a prior conviction qualifies as a sexual offense). Again, "sexual misconduct," which is not identified as a sexual offense in Tennessee, was defined in the New York statutes at the time of Appellant's conviction as follows:

A person is guilty of sexual misconduct when:

1. Being a male, he engages in sexual intercourse with a female without her consent;[1] or

---

[1]Under New York Penal Law § 130.05, a female less than seventeen years old is deemed incapable
(continued...)

2. He engages in deviate sexual intercourse with another person without the latter's consent; or

3. He engages in sexual conduct with an animal or a dead human body.

**N.Y. Penal Law § 130.20**. "'Sexual intercourse' has its ordinary meaning and occurs upon *any* penetration, however slight." **N.Y. Penal Law § 130.00** (emphasis added). "Deviate sexual intercourse" means "sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva." **N.Y. Penal Law § 130.00**, as amended by L. 2003, ch. 264, § 12.

In classifying Appellant as a violent sexual offender, the TBI "reviewed the police report supplied by law enforcement officials in Onondaga County, New York to determine the nature and circumstances of [Appellant's] conviction." Appellant charges this as error, claiming that the TBI should look only to the elements of the convicted crime to determine whether the conviction qualifies as a sexual offense or a violent sexual offense in Tennessee. Because the crime for which Appellant was convicted can be committed in a number of ways, two qualifying as a sexual offense in Tennessee and the other not, the TBI had no choice but to review evidence regarding the factual basis underlying his conviction to determine the elements of the convicted offense. *See generally State v. Vick*, 242 S.W.3d 792 (Tenn. Crim. App. 2007) (stating that to determine elements of out-of-state offense, indictment, arrest warrant, and affidavit were admissible if State could show guilty plea based on facts contained therein); *State v. Duffel*, 631 S.W.2d 445 (Tenn. Crim. App. 1981) (allowing introduction of guilty plea proceedings transcript to establish factual basis underlying federal conviction in order to determine whether conviction qualified defendant as a habitual offender).

The sealed record before us includes Appellant's "Voluntary Affidavit," in which he confessed to sexual contact with his female victim while she was between the ages of eleven and fifteen. Specifically, Appellant acknowledged performing oral sex on the victim "on several occasions," putting his penis in her mouth "on rare occasions," placing his fingers in her vagina and rectum "on several occasions," having anal sex with her, making penis to vagina contact but being unable to recall penetration, and to inserting a vibrator into her rectum. The sealed record also contains the written testimony of the victim corroborating Appellant's confession, but stating that she was made to take part in the sexual activity and, furthermore, that Appellant threatened her if she reported the matter. Based on this evidence,

---

[1](...continued)

of consenting to a sexual offense. **N.Y. Penal Law § 130.05**.

it is clear that the elements of Appellant's New York conviction include "sexual intercourse[/penetration] with a female without her consent" and "deviate sexual intercourse with another person without the latter's consent[.]" **N.Y. Penal Law § 130.20**.

Having determined the elements for which Appellant was convicted, we must now determine whether the elements of that conviction are analogous to the elements of the crime of rape in Tennessee, or to another sexual offense or violent sexual offense. Rape is defined in Tennessee Code Annotated section 39-13-503:

> (A) Rape is unlawful penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances:
> . . . .
> (2) The sexual penetration is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent[.]

"Sexual penetration" is further defined in the statutes as:

> sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required[.]

Appellant's engagement in "sexual intercourse" and "deviate sexual intercourse," for which he was convicted in New York, clearly qualifies as "unlawful penetration" under our rape statute. Additionally, the "non-consent" requirements of each statute are sufficiently analogous. Accordingly, we agree with the chancery court's conclusion that "the element[s] of N.Y. Penal Law § 130.20(1) & (2) are analogous to the elements of Rape as codified in Tenn. Code Ann. § 39-13-503. . . . [and] therefore, that [Appellant's] New York conviction is a qualifying conviction under Tenn. Code Ann. § section 40-39-202(2) and that [he] is a violent offender within the meaning of Tenn. Code Ann. § 40-39-202(28)."[2]

On appeal, Appellant also argues that "the findings of the [TBI] [i]nvestigation are invalid" because the administrative record reviewed by the TBI contained no copy of his conviction. Because it appears Appellant did not raise this issue in the trial court, and

---

[2]Because Appellant was properly classified as a violent sexual offender, we reject his argument that he was entitled to be removed from the registry in 1998 pursuant to Tennessee Code Annotated section 40-39-207.

furthermore, because he has acknowledged the existence of his New York conviction, we find this issue without merit. ***See Simpson v. Frontier Cmty. Credit Union***, 810 S.W.2d 147, 153 (Tenn. 1991).

## B.   Ex Post Facto

Appellant asserts that his registration violates the Tennessee Constitution's prohibition against *ex post facto* laws.[3]  Our Supreme Court has established five categories of laws which violate our constitution's *ex post facto* clause:

> 1. A law which provides for the infliction of punishment upon a person for an act done which, when it was committed, was innocent.

> 2. A law which aggravates a crime or makes it greater than when it was committed.

> 3. A law that changes the punishment or inflicts a greater punishment than the law annexed to the crime when it was committed.

> 4. A law that changes the rules of evidence and receives (sic) less or different testimony than was required at the time of the commission of the offense in order to convict the offender.

> 5. Every law which, in relation to the offense or its consequences, alters the situation of a person to his disadvantage.

***Doe v. Cooper***, No. M2009-00915-COA-R3-CV, 2010 WL 2730583, at *5 (Tenn. Ct. App. July 9, 2010) (citing *Miller v. State*, 584 S.W.2d 758, 761 (Tenn. 1979)).  Appellant argues that registration has inflicted upon him increased punishment by placing "restrictions on his work environment" and causing "his face [to be] plastered on the internet."

> In the context of sentencing, to determine whether an *ex post facto* violation exists, the critical question under both the United States and Tennessee Constitutions is whether the law changes the punishment to the defendant's disadvantage, or inflicts a greater punishment than the law allowed when the offense occurred.

---

[3]Tenn. Const. art. I § 11.

The determination is made by comparing the standard of punishment prescribed by each statute, rather than the punishment actually imposed. Applying a law that inflicts the same or a lesser punishment raises no ex post facto concerns.

*Id.* (quoting *State v. Pearson*, 858 S.W.2d 879, 883 (Tenn. 1993)). "A different analysis is necessary however if it is determined the legislation is not intended to affect sentencing, but instead establishes *civil proceedings*." *Id.* (citing *Smith v. Doe*, 538 U.S. 84, 93 (2003); *Strain v. Tenn. Bureau of Investigation*, No. M2007-01621-COA-R3-CV, 2009 WL 137210, at *6 (Tenn. Ct. App. Jan. 20, 2009)). The determination of whether the legislation establishes "civil proceedings" is made using an "intent-effects test." *Id.* (citing *Smith*, 538 U.S. at 92). First, the intent of the legislature is examined, followed by a consideration of the law's effects using the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). *Id.* at *5-6 (citing *Smith*, 583 U.S. at 93) (footnote omitted).

Regarding the "intent prong," the middle section of this Court "determined in 2009 that the Act was 'part of a nonpunitive regulatory framework,' and it was 'not punishment.'" *Id.* at *6 (quoting *Strain*, 2009 WL 137210, at *6). Moreover, our Supreme Court recently found the Act's registration requirements to be "nonpunitive." *Id.* (citing *Ward v. State of Tennessee*, No. W2007-01632-SC-R11-PC, --- S.W.3d ----, 2010 WL 2695286, at *8 (Tenn. July 7, 2010)). These holdings are consistent with the legislature's declared intentions that "in making information about certain offenders available to the public, the general assembly does not intend that the information be used to inflict retribution or additional punishment on those offenders." **Tenn. Code Ann. § 40-39-201(b)(8)**. Furthermore, the Act contains evidence of the legislature's protective, rather than punitive, intent:

(1) . . . Sexual offenders pose a high risk of engaging in further offenses after release from incarceration or commitment, and protection of the public from these offenders is of paramount public interest;

(2) It is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses collected pursuant to this part, to allow members of the public to adequately protect themselves and their children from these persons;

(3) Persons convicted of these sexual offenses have a reduced expectation of privacy because of the public's interest in public safety;

(4) In balancing the sexual offender's and violent sexual offender's due process and other rights against the interests of public security, the general assembly finds that releasing information about offenders under the circumstances specified in this part will further the primary governmental interest of protecting vulnerable populations from potential harm;

. . . .

(6) To protect the safety and general welfare of the people of this state, it is necessary to provide for continued registration of offenders and for the public release of specified information regarding offenders. This policy of authorizing the release of necessary and relevant information about offenders to members of the general public is a means of assuring public protection and shall not be construed as punitive[.]

**Tenn. Code Ann. § 40-39-201(b)**.

Despite the legislature's non-punitive intent, the Act may be considered punitive if its provisions are "so punitive that when applied they negate[] the State's nonpunitive intent." *Cooper*, 2010 WL 2730583, at *7 (citing *Strain*, 2009 WL 137210, at *6). "To date, every *ex post facto* challenge of Tennessee's statutory scheme requiring persons classified as sexual offenders to register with the TBI sex offender registry has been rejected." *Id.* The United States Supreme Court, the United States Court of Appeals for the Sixth Circuit, and both the Tennessee Court of Appeals and the Tennessee Court of Criminal Appeals have upheld Tennessee's sex offender registry. *Id.* (citing *Smith*, 538 U.S. 84; *Conn. Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003); *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999)*; Doe v. Bredesen*, No. 3:04-CV-566, 2006 WL 849849 (E.D. Tenn. Mar. 28, 2006), *aff'd* 507 F.3d 998 (6th Cir. 2007), *pet. cert. denied*, 129 S.Ct. 287 (2008); *Strain*, 2009 WL 137210; *Gibson*, 2004 WL 2827000).

In *Doe v. Bredesen*, the United States District Court for the Eastern District of Tennessee found that the Act's lifetime registration requirement, and verification and tracking requirements were "part of a nonpunitive regulatory framework" noting that with the adoption of the Act:

What did change is the classification of that crime within a nonpunitive regulatory scheme designed to address the danger and recidivism and to

protect the health and safety of the public. *John Doe's reclassification is not punishment; rather it is a function of changing and evolving regulatory scheme that applies to him because of the particular crime he committed*.

*Id.* at *8 (citing *Bredesen*, 2006 WL 849849, at *10). Relying on *Bredesen*, the middle section in *Strain* concluded that "'the maintenance of the registry' is 'part of a nonpunitive regulatory framework'" and that registration, itself, is not punishment. *Id.* (quoting *Strain*, 2009 WL 137210, at *7) (footnote omitted). Accordingly, we conclude that Appellant's registration, and subsequent "plaster[ing of his face] on the internet" from such registration, is part of a "nonpunitive regulatory framework" and that it did not constitute punishment.

In addition to his argument that registration, itself, constitutes increased punishment, Appellant contends that the Act imposes greater punishment than permitted when the offense occurred by placing "restrictions on his work environment[.]" Unfortunately, Appellant has failed to provide sufficient argument or evidence regarding the employment restrictions he allegedly faces, arguing only that "[Appellant] has restrictions on his work environment." Based on this statement, alone, we are unable to determine whether the alleged employment restraints constitute punishment. Accordingly, we find that Appellant has waived this issue on appeal. *See* **Tenn. R. App. P. 27(a);** ***Boggs Kurlander Steele, LLC v. Horizon Commc'ns***, No. M2006-00018-COA-R3-CV, 2008 WL 490628, at *4 (Tenn. Ct. App. Feb. 21, 2008) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 402 (Tenn. Ct. App. 2006)).

## V. CONCLUSION

For the aforementioned reasons, we find that the elements of N.Y. Penal Law § 130.20 are analogous to the elements of rape as codified in Tennessee Code Annotated section 39-13-503, and therefore that Appellant was properly classified as a violent sexual offender within the meaning of Tennessee Code Annotated section 40-39-202(28). The judgment of the chancery court is affirmed. Costs of this appeal are taxed to Appellant, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.